## Gallio, Appellant, *v*. Balter.

*Equity—Equity practice—Bill to enjoin maintenance of stock-yard—Dismissal—Direction to properly pave—Partial relief—Costs —Liability of defendant for costs.*

Where in a suit in equity for an injunction to restrain the maintenance of a stockyard alleged to be a nuisance, the court finds that the stockyard has been insufficiently pave ' and drained, and directs the defendant to adequately pave it, although it does not enjoin the defendant from maintaining the stockyard, a measure of relief is granted to the plaintiff and he should not be required to pay a part of the costs; and the decree will be modified so as to impose the costs on the defendant.

Submitted Feb. 5, 1918. Appeal, No. 9, Oct. T., 1917, by plaintiff, from decree of C. P. Beaver Co., June T., 1915, No. 3, in equity dismissing bill in equity for the abatement of a nuisance, in case of Angelo Gallio v. Harry Balter. Before BROWN, C. J., POTTER, MOSCH-ZISKER, FRAZER and WALLING, JJ. Modified.

Bill in equity for an injunction. Before BALDWIN, P. J.

The opinion of the Supreme Court states the facts.

The court on final hearing refused the injunction and directed that the costs should be divided equally between the plaintiff and the defendant. Plaintiff appealed.

*Error assigned* was the decree of the court.

*F. Canuit, H. Easton* and *W. A. McConnell,* submitted for appellant.

*Lawrence M. Sebring,* submitted for appellee.

PER CURIAM, March 4, 1918:

The bill of the plaintiff was for an injunction to restrain the defendant from maintaining a stockyard and

slaughterhouse. A measure of relief was granted to him by that portion of the decree which requires the defendant to adequately pave the stockyard with brick, cement, or other suitable material, in such a way as to promptly and efficiently drain it. This followed a finding that the stockyard had been insufficiently paved and drained. In view of this the complaint of the plaintiff was not entirely groundless, and so much of the decree as directs him to pay half of the costs is inequitable.

The third assignment of error is sustained and the decree is now modified by ordering the defendant to pay all the costs below and on this appeal.